UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

SHAMEKA N. WELLS
D/B/A S&D TAX SERVICE                                   PLAINTIFF


VS.                                 CIVIL ACTION NO. 3:12CV636TSL-MTP


REGIONS BANK                                            DEFENDANT


MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendant
Regions Bank pursuant to Sections 3 and 4 of the Federal
Arbitration Act (FAA), 9 U.S.C. § 1 *et seq.*, to compel arbitration
and stay all proceedings.  Plaintiff Shameka N. Wells d/b/a S&D
Tax Service, has responded to the motion and the court, having
considered the memoranda of authorities, together with
attachments, submitted by the parties, concludes that Regions'
motion is well taken and should be granted.

Plaintiff filed the present action against Regions in the
Circuit Court of Pike county, Mississippi, alleging that in
January 2012, she established a business account with Regions;
that she thereafter made deposits to the account totaling over
$50,000; that although all the deposits cleared and she had a
balance of $53,000, Regions refused without explanation to allow
her access to her funds in the account; that as a result of
Regions' breach of its agreement to safely hold plaintiff's money

Case 3:12-cv-00636-TSL-MTP   Document 11   Filed 12/21/12   Page 2 of 6

and to allow her access to her money, plaintiff was forced to hire
an attorney to close the account and attempt to gain access to her
funds.  Regions timely removed the case to this court on the basis
of diversity jurisdiction, following which it filed its answer and
the present motion to compel arbitration.  In the motion, Regions
asserts that on January 24, 2012, plaintiff opened two checking
accounts with Regions, a personal account and a business account,
and signed a signature card for the accounts by which she
"agree[d] to be bound by the terms of the Bank's Deposit Agreement
and pricing schedule, as now in force and as amended from time to
time hereafter...."  By signing, plaintiff purported to
"acknowledge receipt of a copy of the applicable Deposit
Agreement...."  The Regions Deposit Agreement provides for binding
arbitration of "any controversy, claim, counterclaim, dispute or
disagreement between [the parties]... arising out of, in
connection with or relating to any agreement which relates
to the Agreement, any account, any credit, any transaction or
[customer's] business, interaction or relationship with
[Regions]."[1]  Regions submits that plaintiff is bound to arbitrate

---

[1]    The arbitration provision states in its entirety:
ARBITRATION AND WAIVER OF JURY TRIAL.  Except as
expressly provided herein, you and we agree that either
party may elect to resolve by BINDING ARBITRATION any
controversy, claim, counterclaim, dispute or
disagreement between you and us, whether asserted or
brought in a direct, derivative, assignee, survivor,
successor, beneficiary or personal capacity and whether

2

her claims against Regions as it is clear from the face of her complaint that her claims address issues covered by the broad language of the arbitration provision.

Section 4 of the FAA, 9 U.S.C. § 4, provides that where a party has refused to arbitrate under a written arbitration agreement, the other party may petition the court for an order compelling arbitration, and the court shall order the parties to

---

arising before or after the effective date of this Agreement (any "Claim").  Claim has the broadest possible meaning and includes, but is not limited to, any controversy, claim, counterclaim, dispute or disagreement arising out of, in connection with or relating to any one or more of the following: (1) the interpretation, execution, administration, amendment or modification of the Agreement or any agreement; (2) any account; (3) any charge or cost incurred pursuant to the Agreement or any agreement; (4) the collection of any amounts due under the Agreement, any agreement or any account; (5) any alleged contract or tort arising out of or relating in any way to the Agreement, any account, any agreement, any transaction, any advertisement or solicitation, or your business, interaction or relationship with us; (6) any breach of any provision of the Agreement; (7) any statements or representations made to you with respect to the Agreement, any agreement, any account, any transaction, any advertisement or solicitation, or your business, interaction or relationship with us; (8) any property loss, damage or personal injury; (9) any claim, demand or request for compensation or damages from or against us; (10) any damages incurred on or about our premises or property; or (11) any of the foregoing arising out of, in connection with or relating to any agreement which relates to the Agreement, any account, any credit, any transaction or your business, interaction or relationship with us. If either party elects to arbitrate, the Claim shall be settled by BINDING ARBITRATION under the Federal Arbitration Act ("FAA").

arbitration if it is satisfied that the making of the agreement is not in issue.  In considering whether to compel arbitration under the FAA, a court must engage in a two-step analysis.  Tittle v. Enron Corp., 463 F.3d 410, 418 (5th Cir. 2006).  "First, a court must 'determine whether the parties agreed to arbitrate the dispute in question.'"  Id. (quoting Webb v. Investacorp, Inc., 89 F.3d 252, 258 (5th Cir. 1996)).  This involves two considerations: "'(1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement.'"  Id. (quoting Webb, 89 F.3d at 258).  "Second, a court must determine 'whether legal constraints external to the parties' agreement foreclose[ ] the arbitration of those claims.'"  Id. (quoting Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, 473 U.S. 614, 105 S. Ct. 3346, 3355, 87 L. Ed. 2d 444 (1985)).

In response to Regions' motion, plaintiff denies there is a valid agreement to arbitrate.  In this regard, she first submits that the arbitration provision in the Deposit Agreement is not binding since she never signed the Deposit Agreement.  Further, while she acknowledges she signed the signature cards in order to open the accounts, she contends she was not provided a copy of the Deposit Agreement on which Regions' motion is based and for this reason, as well, cannot be bound by its terms.  This court

4

considered and rejected the same arguments in <u>Regions Bank v. Herrington</u>, stating:

> The fact that the signature card did not explicitly reference an arbitration obligation, and that there was no discussion of any arbitration provision at the time Herrington signed the signature card is immaterial.  The signature card incorporated the terms of the Customer Agreement, which Herrington admits contained the arbitration provision.  And, while Herrington claims he was not provided a copy of the Customer Agreement, this assertion is contrary to and hence foreclosed by the unambiguous language of the signature card, which plainly recites, "the person(s) signing below: acknowledges receipt of a copy of the applicable customer agreement now in force."  In <u>Jureczki v. Bank One Texas, N.A.</u>, 75 Fed. Appx. 272 (5th Cir. 2003), Bank One sought to compel its customers, the Jureczkis, to arbitrate their claims against it.  The Jureczkis had signed a signature card when they opened their account that incorporated the bank's account rules, which account rules included an arbitration agreement.  The court held it was clear that by signing the signature card, the Jureczkis entered into a binding contract, and it rejected their argument that they did not agree to the Account Rules referenced on the signature card because they never received the Account Rules since the signature card which they admitted they signed recited that they had received the Account Rules.  75 Fed. Appx. at 274-75. The court wrote:  "This argument is in direct contradiction to language on the signature card which clearly states that the signators have received the Account Rules and agree to be bound by the agreements and terms therein." <u>Id.</u>

630 F. Supp. 2d 722, 726-27 (S.D. Miss. 2009).  Plaintiff has offered no other basis for denial of Regions' motion.

It is therefore ordered that the motion to compel arbitration is granted.  Further, while Regions has also moved for a stay pending arbitration pursuant to 9 U.S.C. § 3, the court perceives no reason to stay, rather than dismiss this action, as all of the

claims herein are subject to arbitration.  See <u>Alford v. Dean</u>
<u>Witter Reynolds, Inc.</u>, 975 F.2d 1161, 1164 (5th Cir. 1992).
Accordingly, it is ordered that this cause be dismissed with
prejudice.

SO ORDERED this 21st day of December, 2012.


/s/Tom S. Lee
UNITED STATES DISTRICT JUDGE